IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **SIRILO ALVAREZ,** | ) | 1:05-cr-0112 AWI |
| Petitioner, | ) ) | ORDER DISMISSING PETITIONER'S MOTION TO |
| v. | ) ) | CORRECT, AMEND OR VACATE HIS SENTENCE |
| UNITED STATES OF AMERICA, | ) ) | (28 U.S.C. § 2255) |
| Respondent. | ) ) ) | |

On June 29, 2012, the court issued an order to show cause why the motion of Sirilo Alvarez ("Petitioner") to correct, amend or set aside his sentence pursuant to 28 U.S.C. § 2255 should not be dismissed as time barred. The court noted that judgment was entered in the criminal case as to Petitioner on March 9, 2006, and that there was no record that appeal had been taken. The court set a deadline of 60 days from the June 29 date for the filing of any response by Petitioner. No response to the order to show cause has been received by the court as of this writing.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on

1  their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at
2  1260-61); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).   "These factors are 'not a series of
3  conditions precedent before the judge can do anything,' but a 'way for a district judge to think
4  about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
5  1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057
6  (9th Cir. 1998)).

7      Petitioner's failure to respond to the court's order to show cause why his 2255 motion
8  should not be dismissed is both the failure to follow the order of the court and a failure to
9  diligently prosecute his action.  Petitioner's failure to respond is also taken by the court as and
10 indication that there are no facts upon which Petitioner could make a adequate argument for
11 tolling of the applicable one-year statute of limitations.  The court concludes that Petitioner is not
12 prejudiced by the dismissal of his 2255 motion with prejudice and the court finds the need to
13 manage its docket requires such dismissal.

15     THEREFORE, it is hereby ORDERED that Petitioner's motion to correct, set aside or
16 amend his sentence pursuant to 28 U.S.C. § 2255 is hereby DISMISSED with prejudice.
17 Certificate of Appealability is DENIED. The Clerk of the Court shall CLOSE THE CASE.

19 IT IS SO ORDERED.

20 Dated:   October 4, 2012
21                                                CHIEF UNITED STATES DISTRICT JUDGE