IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>            v.<br><br>SIRILO CAMACHO ALVAREZ,<br><br>                             Defendant. | CASE NO.  1:05-CR-00112 AWI - 3<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under USSG. § 1B1.10.  For the following reasons, this Court will deny the motion.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, a district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 130 S.Ct. 2691 (2010). Section 1B1.10(b)(2)(A) provides that except where a defendant received a reduction based on substantial assistance to the government, the court shall not reduce the defendant's term of imprisonment under Section 3582(c)(2) to a term that is less than the minimum under the amended guideline range.

The defendant's original offense level was 37, resulting in a sentencing range of 210 to 262 months. However, the sentencing court imposed a term of imprisonment of 150 months, significantly below the guideline range. The Court's departure was not based on substantial assistance to authorities. Applying the two level reduction provided by Amendment 782, the offense level is reduced to 35 and the new range is 168 to 210 months. Thus, the Court is without authority to reduce the sentence further.

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   April 23, 2015                                  _____
                                                                          SENIOR DISTRICT JUDGE